[Crim. No. 247. Department Two.—September 21, 1897.]

## THE PEOPLE Respondent, v. CLARENCE TURNER, Appellant.

CRIMINAL LAW—ASSAULT WITH INTENT TO MURDER—EVIDENCE—IDENTIFICATION OF DEFENDANT—CROSS-EXAMINATION—APPAREL.—Upon a charge of assault with intent to commit murder, where the identification of the defendant by the prosecuting witness was a vital point in the case, it is permissible and important for the defendant to impair, so far as he can by legal evidence, the force of the identifying evidence, and it is legitimate cross-examination upon the question of identity to ask the witness concerning the apparel of his assailant, and upon answer made that the coat of defendant exhibited to him was like the coat worn, it is proper to show that upon the preliminary examination, and upon the former trial the same witness had identified the same garment with positiveness, and that evidence was afterward adduced upon the former trial to show that defendant had purchased it subsequent to the date of the alleged offense, and it is reversible error to refuse to permit such evidence.

ID.—PISTOL NOT IDENTIFIED—STRIKING OUT EVIDENCE—INSTRUCTION TO DISREGARD—ERROR NOT REVERSIBLE.—Where the prosecuting witness gave a general description of the size and appearance of the pistol with which he had been threatened, and, over defendant's objection, it was shown that when arrested defendant 'had two loaded pistols, one of which was admitted in evidence, but there was no attempt of the prosecuting witness to identify it, and upon proof by the defendant that the pistols were purchased by him after the date of the assault, the court reconsidered its ruling and struck out all the evidence as to defendant's pistols, and instructed the jury to disregard it, although it would have been a wiser procedure for the court in the first instance not to receive the evidence until satisfied of its admissibility, yet, under the circumstances, it cannot be said that the injury from the admission of the evidence afterward stricken out was reversible error.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. E. A. Belcher, Judge.

The facts are stated in the opinion of the court.

Reel B. Terry, for Appellant.

W. F. Fitzgerald, Attorney General, and Charles H. Jackson, Deputy Attorney General, for Respondent.

HENSHAW, J.—Defendant appeals from a judgment of conviction for assault with intent to commit murder.

The prosecuting witness, Dyer, testified that he was assaulted in his room about midnight by a man who knocked him senseless with a slung-shot, and who, upon his recovering consciousness, presented a pistol and threatened to kill him. He grappled with his assailant, who broke away and fled. He had never seen him before, but two weeks afterward, at the Oakland city jail, recognized the defendant as the man. He further testified upon direct examination that the man's hat was upon the back of his head, the light shone upon his face, he saw his features distinctly, and so identified him.

Upon cross-examination he was asked as to the clothing worn by his assailant, and answered that he wore an overcoat like that which was in court and was exhibited to him. He was then asked if, upon the preliminary examination and upon the former trial, he had not positively identified the coat as being the one worn by the man who entered his room. Objection to this line of examination was sustained.

The identification of the defendant by the prosecuting witness was a vital point in the case, and it was clearly permissible and important for the defendant to impair, so far as he could by legal evidence, the force of this testimony. It was legitimate cross-examination upon the question of identity to ask the witness concerning the apparel of his assailant. He having answered that the coat exhibited was like the coat worn, it was perfectly proper to show a variance between this statement and that made by the same witness upon a former trial when he identified with positiveness the particular garment. For it is apparent that a failure by a witness upon a second trial to speak with certainty upon a matter made the subject of absolute identification upon a former trial would, unless the discrepancy were satisfactorily explained, tend to weaken and impair the effect of his evidence. Particularly is this true under the circumstances here presented, where it is made to appear that upon the former trial the defendant, after the positive identification of the overcoat, produced strong evidence to show that he had purchased it subsequent to the date of the alleged offense.

The prosecuting witness gave a general description of the size and appearance of the pistol with which he had been threatened.

Over objection of defendant, it was permitted to be shown that when arrested two weeks after he had in his possession two loaded pistols, and one of them was admitted in evidence. There was not the slightest attempt at identification of this pistol by the complaining witness. The defendant then proved that the two pistols had been purchased after the date of the assault. At this point the court reconsidered its ruling and struck out all of the evidence on either side relative to the pistols saving the statement of the prosecuting witness, and the jury was instructed to disregard it. Defendant complains that the injury done him by the admission of improper evidence was not cured by the subsequent order striking it out. It would be a wiser procedure, certainly in criminal trials, for the court not to receive evidence until satisfied of its admissibility. For there can be no doubt that the effect of injurious evidence improperly admitted can never be wholly removed by an instruction to disregard it. Yet we are not prepared to say that in this case the injury amounted to reversible error.

No other points presented by appellant seem to call for consideration.

The judgment and order are reversed, and the cause remanded for a new trial.

Temple, J., and McFarland, J., concurred.