THE PEOPLE, PLAINTIFF AND RESPONDENT, *v.* TEXIDOR, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Guayama in a Case of Seduction.

No. 661.—Decided June 17, 1914.

NEW TRIAL—EVIDENCE—INFLUENCING JURY—PRESUMPTION.—Although it is better that impertinent evidence erroneously admitted by the court be not heard by the jury, nevertheless, when it is and the court afterwards orders it to be stricken out, it is to be presumed that the jury complied with its duty of disregarding such evidence in finding a verdict of guilty, and unless the evidence be very important and is presented in order to influence the jury this is not sufficient cause for ordering a new trial.

ID.—APPEAL—TRANSCRIPT OF RECORD.—When the transcript of the record does not show that a new trial was asked for or that an appeal was taken from the ruling refusing the same, the appellate court need not consider the question of a new trial.

SEDUCTION—EVIDENCE—TESTIMONY OF VICTIM—CORROBORATION.—The testimony of a physician that the victim was deflowered and the conduct of the accused in not denying the commission of the act when one of the relatives of the victim demanded that he marry her, he promising to do so some days later, is a sufficient corroboration of the testimony of the victim.

The facts are stated in the opinion.

*Mr. Charles E. Foote, fiscal,* for The People.

*Mr. Eugenio Benítez* for the appellant.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellant, Alejandro Texidor, was found guilty by the jury of the crime of seduction and the first of the grounds alleged by him for a reversal of the judgment appealed from and for the granting of a new trial is that the lower court having admitted at the trial certain evidence relative to a *trousseau* which the alleged victim ordered to be made five months after the date on which it is alleged that the appellant seduced her, although the court acknowledged later that such evidence was not admissible and instructed the jury to eliminate the same from their minds, nevertheless said evidence had its effect upon the members of the jury and undoubtedly influenced their verdict of guilty inasmuch as evidence of preparations for a wedding greatly predisposes a jury on account of the deceit revealed thereby.

In this case there was sufficient evidence of the commission of the crime independent of that erroneously admitted by the court and afterwards stricken out, therefore we find no ground for the averment that the evidence which the court instructed the jury to eliminate from their minds was that which caused the appellant's conviction. It is true that it is better that impertinent evidence should not be heard by the jury, but when it is we must presume that the jurors complied with their duty by disregarding that evidence in arriving at a verdict of guilty, unless it is very important and was offered for the purpose of influencing the jury. We do not believe that this evidence was so important as to constitute a material defect which would justify the reversal of the judgment on that ground. In other cases in which the evi-

dence was more important than in the present case the courts have refused to reverse and to grant a new trial. *People* v. *Turner,* 118 Cal., 324; *State* v. *Barker,* 43 Kan., 262, 23 Pac., 575; *State* v. *Turbeck,* 29 Kan., 535.

The second ground alleged in the brief in support of the appeal is that the court erred in overruling the appellant's motion for a new trial based on a failure to corroborate the testimony of the alleged victim as to the promise of marriage and the carnal act.

Inasmuch as nothing appears in the transcript of the record to show that a motion was made for a new trial or that an appeal was taken from the decision overruling the same, we will not consider that ground of the appeal. *People* v. *Dones,* 18 P. R. R., 272. However, we wish to say that from the examination we have made of the statement of the case in which the testimony of the witnesses is included, we are of the opinion that it was corroborated.

As a matter of fact, Celestina Rivera testified that Petronila Rivera lived in her house and that when the appellant began to visit her about six months before the occurrence of the act of which he is accused, she asked him when he was going to marry Petronila and he replied, "in three months"; that after this period had elapsed they waited another two months and after the fifth month his attention was again called to the matter and he stated that times were bad and that he could not marry so soon. Carmelo Ramos testified that when in the month of June preceding the offense with which the appellant is charged he noticed that the latter frequently called at his house where Petronila lived, he spoke to him about the matter and asked him the object of his visits and received the reply that his object was to marry Petronila; that when on August 27 of the year following he learned from Petronila that she had been seduced by the defendant, he said to him that he had to save the honor of Petronila and that unless he married her on the following day he would swear out a complaint against him; that the accused replied

that the next day was too soon, but that he would marry her on the following Monday; that he then proposed Saturday and the appellant replied that he would see if he could comply.

As to the corroboration of the carnal act, in view of the difficulty of corroborating this by reason of the nature of the act itself and because the complaint was filed some months after the act took place, we are of the opinion that the testimony of the physician to the effect that Petronila was deflowered and the conduct of the appellant when Carmelo Ramos told him that he had to save the honor of Petronila by marrying her at once, he making no denial and offering to marry her a few days later, are sufficient.

Even though the attorney who represented the appellant at the hearing of the appeal adduced a new ground for the reversal of the judgment and filed a supplemental brief, it is unnecessary for us to consider it inasmuch as it is based on the erroneous contention that although the previous chaste character of the victim was proven, such proof does not serve to show the reputation for chastity required by the statute, when in fact what the statute requires to be proven, according to the English text of the Penal Code, is that she was "of previous chaste character."

In view of the foregoing considerations regarding the questions raised by the appellant, we see no reason for sustaining the appeal and the judgment appealed from should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice Hutchison took no part in the decision of this case.