EL PUEBLO, DEMANDANTE Y APELADO *v.* TEXIDOR, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Guayama en un caso de seducción.

No. 661.—Resuelto en junio 17, 1914.

NUEVO JUICIO—ADMISIÓN DE PRUEBA IMPERTINENTE—IMPRESIÓN EN EL JURADO—PRESUNCIÓN.—Aunque es mejor que la prueba impertinente erróneamente admitida por la corte, no sea oída por los jurados, sin embargo, cuando lo es, y la corte después ordena su eliminación, es de presumirse que los jurados cumplieron con su deber de prescindir de esa evidencia para llegar a la declaración de culpabilidad, a menos que · sea muy importante la prueba y presentada para influenciar al jurado, y por tanto ese no es motivo bastante para ordenar un nuevo juicio.

ID.—APELACIÓN—TRANSCRIPCIÓN DE AUTOS.—Cuando en una transcripción de autos no consta que se solicitara nuevo juicio, ni que se interpusiera apelación contra la resolución que lo negó, el tribunal de apelación puede prescindir de la consideración de la cuestión de nuevo juicio.

SEDUCCIÓN—DECLARACIÓN DE LA OFENDIDA—CORROBORACIÓN—EXAMEN MÉDICO DE LA OFENDIDA.—La declaración de un médico referente a que la ofendida estaba deshonrada y la conducta del acusado no negando la ejecución del acto cuando se le requirió por uno de los parientes de la ofendida para que se casara con ella, ofreciendo hacerlo algunos días después, constituyen corroboración suficiente de la declaración de la ofendida.

Los hechos están expresados en la opinión.

Abogado del Pueblo: *Sr. Charles E. Foote, fiscal.·*

Abogado del apelante: *Sr. Eugenio Benítez Castaño.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

El apelante Alejandro Texidor fué declarado culpable por el jurado de un delito de seducción, y el primero de los motivos que alega para que revoquemos la sentencia por él apelada y le concedamos nuevo juicio, es que habiendo admitido la corte inferior durante el juicio cierta evidencia referente a un traje de boda que la que se dice perjudicada mandó a hacer cinco meses después de la fecha en que se alega que el apelante la sedujo, aunque luego la corte reconoció que tal evidencia no era admisible e instruyó al jurado que la borrase de su mente, sin embargo el efecto de tal evidencia se produjo en los señores que le juzgaban y que sin duda ella determinó la declaración de su culpabilidad, ya que la prueba de preparativos de boda predispone grandemente a los jurados por el engaño que revela.

En este caso hubo evidencia suficiente de la comisión del delito, con independencia de la que erróneamente admitió el juez y eliminó después, por lo que no encontramos fundamento para poder afirmar que la evidencia que se ordenó al jurado que borrara de sus mentes fuera la que produjo la convicción del apelante. Es cierto que mejor es, que la prueba impertinente no sea oída por los jurados, pero cuando esto ocurre, debemos suponer que los jurados cumplieron con su deber de prescindir de esa evidencia, para llegar a la declaración de culpabilidad, a menos que sea muy importante y presentada para influenciar al jurado. No creemos que tal evidencia sea tan importante que constituya un defecto sustancial para que revoquemos la sentencia por ese motivo. En otros casos en que la evidencia era más grave que en el presente, los tribunales han negado la revocación y la concesión de nuevo juicio. *People* v. *Turner,* 118 Cal., 324; *State* v. *Barker,* 43 Kan., 262, 23 Pac., 575, y *State* v. *Turbeck,* 29 Kan., 535.

El segundo motivo consignado en el alegato en apoyo del recurso es que la corte cometió error al denegar su moción de nuevo juicio basada en la falta de corroboración de la declaración de la supuesta perjudicada en cuanto a la promesa de matrimonio y acto carnal.

Como no nos consta que se solicitara nuevo juicio ni que se interpusiera apelación contra la resolución que lo negó, ya que nada de esto aparece en la transcripción de los autos, podemos prescindir de la consideración de ese fundamento del recurso. *El Pueblo* v. *Dones,* 18 D. P. R., 277. Sin embargo queremos decir que del examen que hemos hecho de la exposición del caso, comprensiva de la declaración de los testigos, llegamos a la conclusión de que la corroboración existe.

En efecto Celestina Rivera declaró que Petronila Rivera vivía en su casa y que cuando el apelante empezó a visitarla, como medio año antes del hecho por que se le acusa, le preguntó cuanto tiempo tenía para casarse con Petronila y él le contestó que tres meses; que después de estos se le aguardaron dos meses más y a los cinco se le llamó la atención de nuevo y dijo que el tiempo estaba malo, que no podría casarse tan pronto. Carmelo Ramos dijo que al notar en el mes de junio anterior al hecho por el que se persigue al apelante que visitaba con frecuencia su casa, donde vivía Petronila, le llamó la atención preguntándole cual era el objeto de sus visitas y le contestó que el de contraer matrimonio con Petronila; que cuando el día 27 de agosto del año siguiente supo por Petronila que la había deshonrado lo llamó y le dijo que le debía su honra a Petronila y que si al día siguiente no se casaba lo denunciaría, contestándole el acusado que al otro día era prematuro pero que lo haría el lunes; que entonces le propuso el sábado y le contestó que vería si podía ser.

En cuanto a la corroboración del acto sexual, dada la dificultad de corroborarla por la propia naturaleza del acto y por haberse presentado la denuncia algunos meses despues que tuvo lugar, encontramos que es bastante a ese fin la decla-

ración del médico referente a que Petronila estaba desflorada y la conducta del apelante que al manifestarle Carmelo Ramos que le debía la honra a Petronila y al requerirle para que se casara enseguida no hizo negación alguna y ofreció casarse algunos días después.

Aun cuando el abogado que asistió a la vista por el apelante adujo en ella un nuevo motivo para la revocación y presentó un alegato adicional, es innecesario que lo consideremos ya que descansa en el error de sostener que si bien se probó el previo carácter casto de la ofendida, esa prueba no sirve para demostrar la reputación de pureza que exige la ley, cuando en verdad lo que ésta requiere que se pruebe, según la edición en inglés del Código Penal, es que sea *"of previous chaste character."*

En vista de las consideraciones precedentes respecto a las cuestiones presentadas por el apelante, no vemos motivo para sostener el recurso, y la sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.

El Juez Asociado Sr. Hutchison no formó parte del tribunal el la vista de este caso.