EL PUEBLO, DEMANDANTE Y APELADO, v. RODRÍGUEZ, ACUSADO
Y APELANTE.

No. 2112.—*Visto:* Febrero 12, 1924. *Resuelto:* Junio 27; 1924.

DELITO CONTRA EL ERARIO—EVIDENCIA INADMISIBLE—NUEVO JUICIO.—Presentada
por el fiscal sin explicar su propósito, una certificación del secretario muni-
cipal creditiva de que el acusado de un delito contra el erario público había
sido separado por el concejo de administración del cargo de comisionado de
hacienda a causa de irregularidades encontradas en la contabilidad del
municipio, se concluyó que era evidencia inadmisible y se decretó nuevo juicio.

SENTENCIA de *R. Díaz Cintrón*, J. (Ponce), condenando al acusado
por delito contra el erario público. *Revocada y devuelto el caso
para nuevo juicio.*

*Martínez Nadal, Tormes & Colón*, y *C. del Toro Fernández*, aboga-
dos del apelante; *José E. Figueras, Fiscal*, abogado del apelado.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del
tribunal.

Hercilio Rodríguez fué acusado como autor de un delito
contra el erario público y declarado culpable se le condenó
a sufrir la pena de un año de presidio.

El acusado apeló de la sentencia y en su alegato si bien
señala la comisión de varios errores, solamente será necesa-
rio considerar por el resultado a que hemos llegado, el sép-
timo error que se refiere a la admisión por la corte inferior
de una certificación expedida por el Secretario del Municipio
de Yauco conteniendo un acuerdo del consejo de administra-
ción suspendiendo al acusado de su puesto de comisionado
de hacienda por irregularidades encontradas en la contabili-
dad del Municipio.

El fiscal de esta corte al examinar este error admite que
realmente se ha cometido, pero añade que se trata más bien
de un error técnico que no perjudica los derechos sustancia-
les del acusado. Esta es sin embargo una conclusión del fis-
cal sin más argumentación ni apoyarla con citas de autori-
dades o jurisprudencia aplicable.

El acusado había tomado excepción a la resolución de la
corte inferior admitiendo dicho documento y además funda-
mentó su objeción. El fiscal de distrito no explicó en cambio

el objeto o propósito de ofrecer en evidencia tal documento. Pero no teniendo esta prueba el más ligero peso sobre los hechos delictivos que constituyen el objeto de la acusación, hay que presumir que el propósito del fiscal era levantar una inferencia o presunción de que el acusado cometió el delito comprendido en la acusación. En este sentido la prueba a todas luces era impertinente y perjudicial a los derechos sustanciales del acusado. Ella podía levantar por sí misma con independencia del resto de la evidencia un prejuicio o probabilidad de culpabilidad en la mente del jurado en contra del acusado, y por esto y por ser enteramente innecesaria dicha prueba no se debió ofrecer por el fiscal ni menos haberse admitido por la corte inferior. Con ello solamente se consiguió entorpecer la buena marcha del procedimiento y siempre es de lamentar que el curso de un proceso se detenga y que haya que comenzar de nuevo cuando sin una actuación tan inútil tal vez hubieran quedado cumplidos en este caso los fines de la justicia.

Por virtud de lo expuesto, *se revoca la sentencia* y se devuelve el caso para la celebración de *un nuevo juicio.*

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.