EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* CUSTODIO RODRÍGUEZ, acusado y apelante.

No. 2662.—*Visto:* Mayo 4, 1926. *Resuelto:* Julio 21, 1926.

1. FALSA REPRESENTACIÓN *(False Pretenses)*—NATURALEZA DE LA REPRESENTACIÓN O SIMULACIÓN—EN GENERAL.—El acusado se encontró a una persona y examinando un papel visiblemente en sus manos le dijo que se había ganado tres dollars y ésta entrególe tres décimos de un billete premiado con $10,000. *Se resolvió:* que cuando uno hace que crean que un papel que tiene en sus manos contiene cierta relación (premios), y en esa forma induce a otro a renunciar valiosos derechos, esto equivale a mostrar una lista, aunque la persona así defraudada miro o nó la lista.

2. DERECHO PENAL—APELACIÓN Y ERROR Y CERTIORARI—REVISIÓN—ERRORES NO PERJUDICIALES—ADMISIÓN DE PRUEBA OBJETADA—EVIDENCIA ACUMULATIVA.— La admisión como prueba de una lista de sorteo de lotería esté o nó debidamente certificada o identificada, siendo evidencia acumulativa y sin importancia, no constituye error perjudicial.

3. DERECHO PENAL—APELACIÓN Y ERROR, Y CERTIORARI—REVISIÓN—CONCLUSIONES SOBRE LA PRUEBA—CONCLUSIONES DEL JURADO.— Cuando al jurado corresponde resolver una cuestión que surge de la prueba, y nada hay que indique que, al resolverla, dicho cuerpo actuara movido por parcialidad o prejuicio, procede confirmar la sentencia apelada.

4. DERECHO PENAL—APELACIÓN Y ERROR, Y CERTIORARI—REVISIÓN—CUESTIONES DISCRECIONALES—CUESTIONES RELATIVAS A LA ADMISIÓN DE EVIDENCIA—EVIDENCIA DE TESTIGOS NO INCLUIDOS AL DORSO DE LA ACUSACIÓN.—En ausencia de abuso, no es error el permitir la declaración de testigos que no aparecen consignados al dorso de la acusación.

SENTENCIA de *Enrique Lloreda,* J. (Arecibo), condenando al acusado culpable de un delito de falsa representación e impostura (infracción al artículo 470 del Código Penal). *Confirmada.*

*Alfonso Lastra,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

El jurado halló que Custodio Rodríguez valiéndose de

falsas simulaciones defraudó a Julio Gómez. La acusación decía en efecto que el acusado mostrando una lista falsa había inducido a Gómez a entregar tres décimos del billete de lotería No. 13708 por la suma de tres dollars, cuando en realidad el citado billete había sido premiado y valía $10,000 de suerte que Gómez hubiera tenido derecho a $3,000.

[1] Uno de los errores alegados es que el acusado nunca mostró a Gómez lista alguna. El acusado se halló con Gómez y examinando un papel que tenía visiblemente en sus manos, le dijo a Gómez que se había ganado $3. Gómez le contestó que creía en su palabra y en realidad nunca miró la lista. Cuando un hombre hace que crean que un papel que tiene en sus manos contiene cierta relación y en esa forma induce a otra persona a renunciar valiosos derechos, esto equivale a mostrar una lista, aunque la persona así defraudada mire o nó la lista.

[2] Se alegó que la lista de sorteo de la lotería de Santo Domingo fué admitida como prueba erróneamente, ya que no fué debidamente identificada o certificada. La prueba de El Pueblo tendía a demostrar que el billete No. 13708 de cierta lotería había sido premiado con $10,000. De manera que si la lista admitida estaba o nó debidamente certificada o identificada, su admisión fué meramente evidencia acumulativa y sin importancia. Aunque el Fiscal sostiene que la lista fué debidamente identificada y certificada, su admisión a lo sumo fué un error no perjudicial.

[3] El acusado presentó prueba tendente a demostrar que el billete No. 13708 no se dividía en décimos, sino en medios, y que otras personas lo habían ganado. Esta era una cuestión que tenía que resolver el jurado y no hallamos que dicho cuerpo actuó movido por parcialidad o prejuicio.

[4] Otro de los errores alegados se refiere al hecho de que se permitió declarar a ciertos testigos que no aparecían al dorso de la acusación. En ausencia de abuso, no es error permitir la declaración de testigos adicionales. Esto lo hemos resuelto repetidas veces y no hay nada en contrario

en el caso de *El Pueblo* v. *Arrocho,* 33 D.P.R. 657, citado por el apelante.

*No hallando error alguno, la sentencia apelada debe ser confirmada.*