EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ALEJANDRO CARRIÓN RIVERA, acusado y apelante.

No. 2645.—*Visto:* Febrero 17, 1926. *Resuelto:* Julio 29, 1926.

1. HOMICIDIO *(Homicide)*—JUICIO—INSTRUCCIONES—INSTRUCCIONES RELATIVAS AL HOMICIDIO *(Manslaughter)* — HOMICIDIO INVOLUNTARIO *(Involuntary Manslaughter).*—Cuando existe alguna evidencia que tienda a demostrar que el acusado disparó al interfecto accidentalmente, el rehusar dar una instrucción respecto al homicidio involuntario es error.

2. HOMICIDIO *(Homicide)*—ASESINATO—DEL DELITO EN GENERAL.—Al usar intencionalmente un arma peligrosa y matar a una persona, la inferencia a deducir *prima facie* es que el acusado es culpable del delito de asesinato.

3. HOMICIDIO *(Homicide)*—JUICIO—INSTRUCCIONES—INSTRUCCIONES RELATIVAS AL ASESINATO—DIFERENCIA ENTRE EL ASESINATO EN PRIMERO Y SEGUNDO GRADO. —La instrucción al efecto de que la diferencia entre asesinato en primero y segundo grados es la ausencia de deliberación en el último, es correcta.

4. DERECHO PENAL—JUICIO—OBJECIONES A LA EVIDENCIA, MOCIONES PARA ELIMINAR Y EXCEPCIONES—DE LA OBJECIÓN—EXPOSICIÓN DE LAS RAZONES REALES EN QUE SE BASA.—Al objetarse la admisión de prueba que es claramente impertinente, debe hacerse algo para llamar la atención de la corte a las razones reales en que se basa la objeción.

5. DERECHO PENAL—APELACIÓN Y ERROR, Y CERTIORARI—PRESENTACIÓN Y RESERVA EN LA CORTE INFERIOR DE LOS FUNDAMENTOS DE REVISIÓN—DE LAS OBJECIONES A LA EVIDENCIA Y SU ALCANCE—CAMBIOS DE LOS FUNDAMENTOS DE AQUELLAS EN APELACIÓN.—Cuando las objeciones a la admisión de una carta van dirigidas sólo a la suficiencia de su identificación y otras cuestiones análogas, el hecho de que la carta sea impertinente no puede, ordinariamente, presentarse por vez primera en apelación.

SENTENCIA de *Enrique Lloreda,* J. (Arecibo), condenando al acusado del delito de asesinato en segundo grado. *Revocada* y devuelto el caso para nuevo juicio.

*Antonio Reyes Delgado,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Después de un juicio en la Corte de Distrito de Arecibo, Alejandro Carrión fué convicto del delito de asesinato en segundo grado, según se le acusaba. La acusación, entre otras alegaciones decía que el acusado dió muerte a Adela Rivera con un revólver. En apelación se señalan tres errores, los que discutiremos en el orden en que han sido presentados por el apelante.

La prueba indisputable tendía a demostrar que el acusado mató a Adela Rivera, de quince años de edad, con un revólver. Un testigo declaró directamente que vió al acusado apuntar su revólver a Adela Rivera. Otros testigos oyeron la detonación del revólver, vieron al acusado salir y le oyeron exclamar, "¡Ay, Dios mío, qué he hecho yo!" El acusado sólo presentó un testigo quien declaró que estaba visitando la finada; que Alejo Carrión estaba trasteando el revólver cuando oyó la detonación y que no vió que Alejo Carrión apuntara su revólver a la finada. A esta testigo, una joven, se le preguntó; "Si hubiera apuntado, ¿lo hubiera visto?" Y su respuesta fué, "Como no, estaba fija." En el examen de repreguntas se averiguó que ella había manifestado al fiscal anteriormente que oyó la detonación, pero que después no vió nada más. Más o menos, la teoría de la defensa es que el acusado, que era un guardia de penales acostumbraba a portar tanto una macana como un revólver, al trastear el revólver accidentalmente lo disparó.

La defensa solicitó de la corte que instruyera al jurado respecto al delito de homicidio involuntario, instrucción que la corte se negó a dar, siendo éste el primer error señalado.

[1, 2] En el caso de *El Pueblo* v. *Alméstico,* 18 D.P.R. 320, y en otros casos, siguiendo decisiones de la Corte Suprema de los Estados Unidos, hemos resuelto que es innecesario dar instrucciones respecto al delito de homicidio cuando no hay prueba tendente a reducir el delito de asesi-

nato a homicidio. Al usar intencionalmente un arma peligrosa como un revólver y matar una persona, la inferencia a deducir *prima facie* es que el acusado es culpable del delito de asesinato.

Según los hechos de este caso, correspondía al jurado decidir si el delito era asesinato u homicidio involuntario. Si el acusado tan sólo fué negligente al manejar un revólver, no es culpable del delito de asesinato.

[3] El segundo señalamiento se refiere a la instrucción de la corte al decir que la diferencia entre asesinato en primer grado y asesinato en segundo grado era la ausencia de deliberación en el delito inferior. El apelante no hace hincapié en este supuesto error y admite que la jurisprudencia de esta corte es contraria a su contención. Hemos examinado la instrucción y hallamos que la diferencia entre asesinato en primer grado y asesinato en segundo grado fué expresada debidamente. El apelante alega que no hubo prueba de premeditación, pero el jurado tenía el derecho de inferirla de la prueba presentada en el caso.

[4, 5] El tercer error señalado también nos ha causado serias dudas. El Pueblo, aunque no está obligado a probar el motivo para la comisión de un delito, trató de hacerlo así. Adela Rivera estaba comprometida para casarse con Ramón Castro. Éste ocupó la silla de los testigos y se le pidió inmediatamente que identificara una carta recibida por él de la finada. El tenor de la carta era que Adela Rivera había tomado nota de las objeciones de su novio a que saliera en automóvil con el acusado, y ella prometía que no volvería a cometer esta falta. La carta por sí sola era enteramente inadmisible. Por sí misma no tendía a demostrar que el acusado tuviera celos. Pintaba un estado de hechos existente entre la finada y su novio, pero no demostraba ningún acto del acusado. No sabemos de ninguna regla de evidencia según la cual, al hacerse la debida objeción, se hubiese podido someter esta carta sin otra clase de prueba al jurado. No

obstante, tenía algún valor probatorio.   Era prueba circunstancial tendente a demostrar que cuando Adela Rivera informó al acusado de su resolución, él la mató, movido por los celos.

Las cortes generalmente son muy liberales, según dice el fiscal, al admitir prueba de motivos.   El testigo, Ramón Castro, después de presentarse la carta, declaró que él le había prohibido o suplicado, según sea el caso, a Adela Rivera que volviera a salir en automóvil con el acusado, a pesar de que en esos paseos ella iba acompañada de su mamá.

Sin embargo, cuando se ofreció la carta como prueba el acusado no hizo la debida objeción a ella.   Primeramente dijo, con razón, que no le habían mostrado la carta y que no conocía su contenido.   El testigo entonces declaró que conocía la firma de la finada.   El abogado entonces se opuso a la admisión de la carta como prueba por no haber sido debidamente identificada; que no se había probado que ella sabía leer y escribir, ni que la firma fuera de ella; que el testigo no era suficiente para probar que esta carta era de la joven finada.   Entonces se le hizo varias preguntas al testigo a fin de fundamentar la presentación de la carta y éste identificó la letra.   Entonces el abogado se opuso a que se admitiera en evidencia alegando que la declaración de un solo testigo no era suficiente para probar un documento de esta índole, especialmente cuando la persona que lo había escrito no podía decir si era suyo o no.   La corte mostró disposición a admitir la carta, y el abogado dijo: ''También me opongo a la admisión como prueba, porque no veo qué se desprenda de ella, no veo qué pretende el Ministerio Fiscal probar con eso.''   En ninguno de estos casos se presentó la debida objeción.

No debemos insistir en que la objeción a que se admita una carta, que era claramente impertinente (*irrelevant*) debe formularse con cierta precisión técnica, pero según demuestran generalmente las decisiones, se debe hacer algo para

llamar la atención de la corte a las razones reales en que se basa la objeción. No se hizo nada de esto.

Es evidente que cuando se devuelva el caso para nuevo juicio, al presentarse la debida objeción, la carta citada no será admitida si no se prepara una base mejor. Si lo que se trata de probar es el motivo, tal vez pueda hacerse de otros modos.

*Por el error cometido al dejar de dar la instrucción solicitada debe revocarse la sentencia y devolverse el caso para la celebración de un nuevo juicio.*