JOHN C. JONES v. THE ESTATE OF JEANNETTE HUMPHREYS, *deceased,* AND DENNIS MADDEN, *Special Administrator of said Estate.*

**No. 376.**   (63 Pac. 26.)

1. EXCLUSION OF EVIDENCE—*Review of Ruling.* Error cannot be predicated upon a ruling excluding testimony, where the testimony desired is not shown in the record nor any statement made as to what the full testimony would be.

2. IMPLIED PROMISE—*Member of Family—Presumption.* Where a son maintained his aged mother in his own home as a member of his family, the law will not imply a promise on her part to pay for her maintenance.

Error from Lyon district court; W. A. RANDOLPH, judge. Opinion filed December 12, 1900. Affirmed.

*L. B. & J. M. Kellogg,* for plaintiff in error.

*Madden Bros.,* for defendants in error.

The opinion of the court was delivered by

MILTON, J.: The plaintiff in error was duly appointed general administrator of the estate of his mother, Jeannette Humphreys, deceased, and afterward filed in the probate court of Lyon county a claim against the said estate for the care and board of the deceased during the two years preceding her death, and also a claim for caring for her property, consisting of three dwelling-houses in the city of Emporia, during her lifetime. The defendant Dennis Madden was appointed special administrator and a hearing had in the probate court. The claim was rejected, and the plaintiff appealed to the district court. It appears that the plaintiff, believing his mother's bodily and mental powers so much impaired that it was no longer safe for her to live alone, had her removed to

35—10 KAN. APP.

his home, and she was maintained and cared for there the last two years of her life. Her mental faculties were in a failing condition, and she would often wander away. Caring for her properly required constant vigilance and attention on the part of the plaintiff and his family. On the trial he produced a witness who stated that she once had a conversation with the deceased in which the latter told what disposition she expected to make of her property, and the witness was then asked if in this conversation the deceased stated that she was going to will her property to the plaintiff to repay him for his services to her and that it had been so agreed between them at the time she came to live with him. An objection to the question for incompetency was sustained. The plaintiff did not state what the witness would actually testify. The verdict and judgment were in favor of the defendant.

The exclusion of the testimony just referred to is complained of by the plaintiff in error. We think the court did not err. In the case of *The State v. Barker*, 43 Kan. 262, 23 Pac. 575, one paragraph of the syllabus reads : ''Error cannot be predicated upon a ruling excluding testimony, where the testimony desired is not shown in the record nor any statement made as to what the full testimony would be.''

The court instructed the jury that if they should find that there was no express contract between the plaintiff and his mother to pay for the services to be rendered by the plaintiff and his family to her, then he could not recover for such services upon an implied contract. The instruction was warranted by the facts and correctly stated the law.

In the case of *Shane v. Smith*, 37 Kan. 55, 58, 14 Pac. 477, 479, it was said :

''We believe that where a relative is taken into the

family and treated as a member thereof, there is a strong presumption created that no payment or compensation was intended to be made for services by one to the other beyond that received during the time they were rendered."

See, also, *Wright v. Senn's Estate*, 85 Mich. 191, 48 N. W. 545.

The instructions asked for by the plaintiff and refused were contrary to the doctrine just stated. It is claimed by counsel for defendant in error that the proceedings in error should be dismissed, for the reason that the controversy herein has been tried and determined in another action since the petition in error was filed. We have examined this claim and have concluded that it is not fully sustained by the transcript of the record of the other case.

Discovering no error requiring a reversal of the judgment, it will be affirmed.