PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ENRIQUE BÁEZ, Defendant and Appellant.*

No. 4166. Argued May 15, 1933.—Decided July 22, 1933.

---

* NOTE.—An appeal taken from this decision to the U. S. Circuit Court of Appeals for the First Circuit, was dismissed for want of jurisdiction. See 82 F. (2d) 317.

500

R. *Rivera Zayas* and *E. Báez García* for appellant. R. A. *Gómez*, *Fiscal*, for appellee.

Mr. Justice Aldrey delivered the opinion of the Court.

Enrique Báez was indicted by the Grand Jury of the judicial district of Mayagüez for the crime of embezzlement. It was charged against him that being an officer of the People of Puerto Rico, as clerk of the District Court for the Judicial District of Mayagüez, and while in charge of receiving, keeping under his custody and in his possession, and legally transferring and disbursing the sums of money deposited with him in civil suits, during one of the days of the month of October, 1926, he received in his said official capacity from the marshal of the said court, the sum of $3,500, proceeding from a judicial sale made in civil suit No. 11966, brought by Clotilde Toro de Díaz, as mother with patria potestas over her minor children, the said sum belonging to the said minors; and that said Enrique Báez, unlawfully, wilfully, maliciously, and fraudulently appropriated to his own use, and in a manner contrary to the due and legal discharge of his official duties, the said sum of $3,500, which had been entrusted to him and which came into his possession in the discharge of his office in the aforesaid suit, thus depriving the owners thereof of said sum.

The cause was transferred to the District Court of Aguadilla, where a jury found him guilty of said crime and he was sentenced therefor.

In the appeal taken from the judgment of conviction, he assigns as error that the District Court of Aguadilla acted without jurisdiction in taking cognizance of the case and in rendering judgment against him. He appealed from the order of the District Court of Mayagüez which decreed the removal of the cause to the District Court of Aguadilla, and we decided the case by affirming the order for a change of

venue (44 P.R.R. 52), for which reason the alleged error can not be sustained.

The second error assigned relates to the admission in evidence of a certain certificate containing some matter prejudicial to the defendant. In order to prove that the defendant was clerk of the District Court of Mayagüez at that time, the prosecuting attorney presented a certificate issued by the Executive Secretary of Puerto Rico, reciting the appointments made in favor of the defendant for said office and setting forth at the end thereof that he filled that office until he was suspended by the Governor on December 4, 1926, and his removal decreed on the 24th of the same month and year. The prosecuting attorney stated at the trial that he was presenting that certificate in so far as it referred to the appointments made in favor of the defendant as clerk. The defendant objected to the same on account of the concluding statement contained in the certificate, inasmuch as its only effect on the jury would be to prejudice the defendant with regard to his conduct and reputation. The court admitted the certificate, and announced that at the proper time it would instruct the jury so as to avoid what counsel for the defense seemed to fear; and in its charge to the jury the court said, with regard to that part of the certificate, that the same was absolutely foreign to the evidence allowed and to that which should properly be admitted by the court, and that if the evidence was before the court with that addition, it was solely because the document was written in a single sheet of paper, and because it would be impossible to eliminate said addition without mutilating and impairing the authenticity of the document by losing the signature and the seal, but that the court repeated that the jury should not take into consideration that part of the certificate; that the jury might not draw any inference which might prejudice the defendant in the least with regard to that circumstance; that the added portion was absolutely unnecessary and that the

same should be considered as not written in the document; that the said addition should not influence the minds of the jury in any way; that it should not produce any reaction in their minds in weighing all of the evidence that was lawfully admissible.

Really, that part of the certificate which has been mentioned was not admissible in evidence, and this was acknowledged when the district attorney offered the document solely with regard to the appointments, and when it was admitted by the court subject to the instruction which it would give to the jury, as it did, and which, as may be seen therefrom, is so clear and precise that if the jury have discharged, and we suppose they did, their duty not to take into consideration the matter in question, we must reach the conclusion that it has not produced in the minds of the jurors any prejudice against the defendant. The case of *People* v. *Rodríguez*, 33 P.R.R. 461, cited by the appellant in support of the alleged error, is not applicable to the case at bar, because there the certificate presented in evidence referred solely to the statement that the Council of Administration of Yauco had suspended the defendant from his office by reason of irregularities *committed by him*, for which reason its object at the trial could be no other than to prove that fact to the prejudice of the defendant, while in the present case that portion of the certificate which we are now discussing was not introduced in evidence by the prosecuting attorney, and although it formed part of the document which was not impeached, in so far as the appointments were concerned, the court said that the jury should not take the objected part into consideration. At the trial the appellant did not object to the certificate because the same referred to his appointments generally without setting forth literal copies thereof, for which reason we do not have to decide this question raised for the first time in this appeal. *People* v. *Bird*, 5 P.R.R. 183; *People* v. *Borrás*, 9 P.R.R. 371; *People* v. *Asencio*, 16 P.R.R. 337; *People* v. *Alsina*, 22 P.R.R. 426, and *People* v. *Carrión*, 35 P.R.R. 828.

In order to prove that the defendant took possession of the office of clerk of the District Court of Mayagüez, the prosecuting attorney presented the oaths of office which had been taken by the defendant before judicial officers, and the appellant in his third assignment of error insists that said documents should not have been admitted by the court because it had not been properly shown that the appellant was the clerk of said court; but we have already said that the document reciting the appointments of the appellant to said office was admissible subject to the announcement made by the court in connection with the addition it contained, and consequently as it had been shown that he was appointed to that office, no error was committed in admitting evidence with regard to his taking possession thereof.

In the fourth assignment of error the appellant says that the court erred in admitting a record of a proceeding for judicial authorization, without the same having been duly identified by the clerk of the court. That officer testified that said proceeding pertained to that court and this was a sufficient identification thereof, even though he stated that the district attorney had the record with him to be used in this criminal case.

The fifth assignment reads thus: "The District Court of Aguadilla erred in admitting in evidence an uncertified copy or note of a receipt which was said to have been made by the witness Lorenzo Suárez, and which was by no means admissible in evidence."

In order to prove that the $3,500 referred to in the indictment had been delivered by the marshal of the District Court of Mayagüez to the appellant, who at that time was clerk of said court, the prosecuting attorney introduced certain witnesses who testified that they had seen the appellant's receipt for said amount, and evidence tending to show that the receipt had been presented in evidence by the prosecuting attorney in another criminal case, brought before the

Municipal Court of Mayagüez against the appellant, and forwarded on appeal to the District Court of Mayagüez, where it was received; that there it was lost, and that it has been impossible to locate it notwithstanding the search that has been made therefor. Then the prosecuting attorney offered in the case herein a copy of the receipt which Lorenzo Suárez, a deputy marshal, had prepared in his own handwriting at the time he delivered the original receipt to the district attorney. Said copy reads thus: "No. 583.—Department of Justice, District Court of Mayagüez—No. 8451—October 14th, 1926—Received from the Marshal of this court the sum of Three Thousand Five Hundred Dollars, proceeds of suit No. 11966,—$3,500.—Remark, original of the clerk delivered to the district attorney." The court admitted this evidence to corroborate the testimony of the witness Lorenzo Suárez, and the appellant says that it should not have been admitted because the declaration of this witness was stricken out almost in its entirety. However, it was not eliminated in so far as it referred to the delivery by him of said receipt to the district attorney and to the fact that he prepared a copy of the receipt. Therefore, the copy corroborates that part of his testimony. In any event, this evidence caused no prejudice to the appellant inasmuch as even without it there was sufficient evidence of the existence of the receipt for said amount, with the signature of the appellant.

The prosecuting attorney also offered in evidence a passbook wherein appeared the entry of the check for $3,398.88 which the Treasurer of Puerto Rico had sent to the office of the clerk of the District Court of Mayagüez to pay certain amounts that had disappeared therefrom; and the stub of a check for $600 in favor of the lady mentioned in the indictment. Regarding these documents, the appellant in the sixth assignment of error urges that they should not have been admitted because they were not identified by the officer in whose custody they are, the clerk of the District

Court of Mayagüez; because they were irrelevant and immaterial, inasmuch as they did not connect the defendant with the commission of the crime; and because the transactions to which they refer were subsequent to the commission of the crime charged. We are of the opinion that, although the clerk of the District Court of Mayagüez did not identify these documents, the identification made by the deputy clerk was sufficient, because it was he who as acting clerk of the court made the deposit and the payment to which they refer. As regards the other point raised by the assignment, we agree with the appellant that the evidence which we are now discussing was unnecessary, but its admission could prejudice the defendant in no way, inasmuch as the fact that money had been deposited in the bank and later a check was issued against the money thus deposited, did not incriminate the appellant. In any event, the testimony of Mr. Durán on these points and the production of the check stub and the passbook constitute cumulative evidence, and we have already declared in *People* v. *Rodríguez*, 35 P.R.R. 787, to quote from the syllabus that: "The admission in evidence of a lottery drawing, whether or not it be duly certified or identified, it being cumulative evidence and of no importance, does not constitute prejudicial error."

The seventh assignment of error reads as follows: "The District Court of Aguadilla erred in admitting in evidence a memorandum dated September 26, 1929, which was said to have been addressed to the clerk of the District Court of Mayagüez in connection with a check that Mr. José Durán stated he had received from the Treasurer of Puerto Rico, said memorandum not being signed by anyone and being absolutely anonymous, as it contained a statement of facts without any guaranty whatsoever and notwithstanding it referred to other facts and it was presented by the district attorney with the sole object of impressing the jury, as it did, against the defendant." This is, according to the appellant, the most important error.

The witness José Durán Cruz testified that while he was acting clerk of the District Court of Mayagüez, he received on September 26, 1928, a check which the Treasurer of Puerto Rico sent to him with a memorandum attached thereto, wherein it was explained that the check was to be used to pay certain sums which had disappeared from the District Court of Mayagüez. Said memorandum reads as follows: "Clerk, District Court of Mayagüez, P. R.—Sept. 26, 1928. —Amount for the payment of the funds deposited by litigants in civil cases with the former clerk of the District Court of Mayagüez, Enrique Báez, which sum, according to an investigation made by the Auditor of Puerto Rico, was embezzled by the said Enrique Báez; in accordance with Joint Resolution No. 48, approved May 2, 1928.—$3,398.88." The prosecuting attorney presented in evidence that memorandum, not to serve as evidence by itself but to corroborate the testimony of the witness. The appellant objected to its admission, inasmuch as the memorandum was not certified by the Treasurer, but the court admitted it to corroborate that part of the testimony where the witness stated the purpose for which said check had been sent by the Treasurer. . Then the appellant took an exception to that ruling because the memorandum was not signed by any person, which rendered it anonymous, and because it was prejudicial to him. In his written brief he alleges that this evidence was not relevant, inasmuch as it did not tend to prove the indictment; because the testimony of the witness needed no corroboration as it was entirely clear and that the memorandum is prejudicial to him because it starts from the premise that the appellant is guilty by reason of the investigation made by the Auditor. The court in giving its instructions to the jury stated, with reference to said memorandum, that it had admitted the same to corroborate that part of the testimony of the witness Durán related to the purpose for which the check had been sent to him by the Treasurer, and that the jury should not take

that document into consideration for any purpose other than that for which it was admitted. The ground of admission of that evidence and what the court told the jury in its charge above referred to made it sufficiently clear that the memorandum was admitted solely to prove the purpose for which the Treasurer had sent said check, for which reason the jury could not have taken it into consideration as evidence of the guilt of the defendant, as it must be presumed that the jurors complied with the oath taken by them and that they followed the instructions given by the court. *People* v. *Williams,* 24 Cal. 31; *People* v. *Kramer,* 117 Cal. 647. On the other hand, there was independent evidence, and it was also shown by the cross-examination of the appellant at the trial, that the $3,500 to which this case refers was delivered to the appellant as clerk of the District Court of Mayagüez; that he did not deposit it in the bank where he had his account; and that said sum had not been found in the clerk's office; hence in view of that evidence we can not hold that the said memorandum prejudiced the appellant, the more so if we take into account the charge given by the court to the jury. Besides, what the document recites is a repetition of the phraseology of a law of the Legislature of Puerto Rico as set forth in the joint resolution mentioned in said document, and being such an enactment it is covered by the legal presumption that it is known to all the inhabitants of this island. In view of the evidence existing apart from the document, of the joint resolution already mentioned, and of the instruction given by the court to the jury, we do not think that said document was that which caused the conviction of the defendant. In *People* v. *Texidor,* 21 P.R.R. 13, 14, we said:

"In this case there was sufficient evidence of the commission of the crime independent of that erroneously admitted by the court and afterwards stricken out, therefore we find no ground for the averment that the evidence which the court instructed the jury to eliminate from their minds was that which caused the appellant's

conviction. It is true that it is better that impertinent evidence should not be heard by the jury, but when it is we must presume that the jurors comply with their duty by disregarding that evidence in arriving at a verdict of guilty, unless it is very important and was offered for the purpose of influencing the jury. We do not believe that this evidence was so important as to constitute a material defect which would justify the reversal of the judgment on that ground. In other cases in which the evidence was more important than in the present case the courts have refused to reverse and to grant a new trial. *People* v. *Turner,* 118 Cal. 324; *State* v. *Barker,* 43 Kan. 262; 23 Pac. 575; *State* v. *Turbeck,* 29 Kan. 535.''

The case of *People* v. *Rodríguez,* 33 P.R.R. 461, cited by the appellant, is not applicable because in that case the document was presented without explaining the purpose for which it was offered in evidence, while in the case at bar it was explained why the document was presented, it was stated why it had been admitted, and in addition, the court instructed the jury as to the only purpose for which they should take it into consideration, which was not that the same should serve as proof of the crime. Consequently, we can not hold that the admission of said document was prejudicial to the appellant.

By the eighth assignment of error it is charged that the lower court declared the jury as constituted without the same having taken the oath required by section 233 of the Code of Criminal Procedure, and that it permitted the jurors to leave the courtroom without warning them that they should not talk among themselves nor with any other person about the trial, nor form an opinion with regard thereto until the case was submitted to their deliberation.

It is true that the law requires that the jury must be sworn to discharge well and faithfully their duties before they begin to exercise their office, but the fact that it does not appear from the record that such an oath was taken is not conclusive proof that it was not so taken. Said oath might have been taken and still the record might be silent in that respect. The presumption is that the law has been

complied with and that the oath was taken. There is nothing in the record to overcome that presumption. It is stated therein that after the jury was selected the same was constituted by the gentlemen mentioned therein; and as the oath is a legal requisite, if the jury was constituted it must have been because said oath was taken. Besides, the appellant was represented at the trial by two attorneys and no protest or objection for the lack of said oath appears to have been made or raised at the trial; neither of said attorneys has stated under oath that the jury was not sworn. Nor does it appear that in the motion for a new trial the lack of said oath was set up. On the other hand, in a murder case entitled *Baldwin* v. *The State of Kansas,* 129 U. S. 52, wherein it was claimed that the jurors were not sworn in accordance with the form prescribed by the Kansas statute and, hence, the jury was not a tribunal legally constituted, and that the judgment would deprive the defendant of his life without due process of law, the Supreme Court of the United States adopted the language of the Supreme Court of Kansas, when it said:

''A still more conclusive answer on this point is, that no objection was made to the form of the oath when it was administered, or at any other time prior to its presentation in this court. If there was any irregularity in this respect, it should, and probably would, have been objected to at the time it occurred. It is quite unlikely that there was any departure from the form of the oath so well understood, and which is in universal use in all of the courts of the State; but, if the form of the oath was defective, the attention of the court should have been called to it at the time the oath was taken, so that it might have been corrected. A party cannot sit silently by, and take the chances of acquittal and subsequently, when convicted, make objections to an irregularity in the form of the oath. Not only must the objection be made when the irregularity is committed, but the form in which the oath was taken, as well as the objection, should be incorporated into the bill of exceptions, in order that this court may see whether or not it is sufficient. This was not done.

''*     *     *     *     *     *     *

510

"In the present case, the record does not show that, at the trial before the jury, any title, right, privilege or immunity under the Constitution of the United States was specially set up or claimed. No objection was taken to the form of the oath at the trial, nor at the making of the motion for a new trial before the trial court, nor at the making of the motion for arrest of judgment in that court. The point was first suggested in the Supreme Court of the State. That court, as it appears, refused to consider the objection, on the ground that it was not taken at the trial. For that reason, we also cannot consider it."

If the oath in the instant case was not taken by the jury, the attention of the court should have been called to that fact in order that this defect might have been corrected. The question now comes too late. It has been decided in a civil case that a verdict will not be set aside because one of the jurors has not taken the corresponding oath, unless it is shown that the party who requests the nullity and his attorney were ignorant of that fact; and in another case of a similar character, wherein it was alleged as error that the record failed to show that the jury had been sworn to try the questions in controversy, it was declared, after various reasonings, that if there had been any defect in the form of the oath, the same was waived by the failure to object thereto. *Scott* v. *Moore*, 98 Am. Dec. 581, *First National Bank* v. *Lowther-Kaufman Oil & Coal Co.*, 66 S. E. 713.

While Lorenzo Suárez, a witness for the prosecution, was testifying, the court in addressing itself to the district attorney said: "You may ask the question of him because the court notices that the witness is notoriously hostile to the district attorney; the court authorizes the district attorney to be as leading as he may wish, for it has noticed that the witness is absolutely hostile." Those remarks are relied on by the appellant as a basis for claiming that the court was moved by passion, prejudice, and partiality. A reading of the testimony of this witness suffices to reach the conclusion that he was very hostile to the party who presented

him; and the remarks by the court explained the reason for the allowance of leading questions, but without showing any passion or prejudice against the defendant.

In the tenth assignment of error it is urged that the court erred in permitting the jury when they retired for their deliberations to take with them the cashbook of the clerk of the District Court of Mayagüez, without the same having been offered or admitted in evidence. It will suffice for us to say that the appellant has not shown to us by means of the record that said book was taken by the jury for use in its deliberations.

Another assignment of error is that the lower court was moved by passion, prejudice, and partiality in giving its instructions to the jury. In support of this assignment the appellant points out eight paragraphs of the instructions.

We have previously stated that the prosecuting attorney offered in evidence a certificate issued by the Executive Secretary of Puerto Rico, showing the appointments made in favor of the appellant to the office of clerk of the District Court of Mayagüez, which certificate also recites that he was suspended and removed from that office. We have already seen that the jury was instructed to the effect that the document had been admitted only with reference to the appointments and not with regard to the suspension and removal, and as to the reason why the document was admitted notwithstanding the addition it contained; also that the court cautioned the jury not to consider that part of the document for any purpose. The instruction given does not show in any way the error attributed to the court, but on the contrary it clearly reveals the care taken by the court to avoid that the said addition should cause any prejudice to the defendant.

The said assignment of error is also predicated on the fact that the court in its instructions told the jury that there had been introduced in evidence a note relating to a receipt

for $3,500 issued by the defendant to the marshal of the District Court of Mayagüez, although nowhere in the receipt the name of the appellant appears and much less that the same was issued by him. However, the oral evidence showed that the receipt, a copy of which was produced, had been issued and signed by the appellant, for which reason the prejudice attributed to the court does not exist.

The error charged because of the failure of the court to instruct the jury that they should not take into consideration the statement of the memorandum with regard to the appropriation by the defendant of a certain sum of money, is also nonexistent, since the court in admitting the document stated to the jury that the same was admitted as corroboration of the testimony of a witness regarding the reason why the Treasurer-had sent him a check, that part relating to the embezzlement imputed to the defendant being thus excluded from the document.

The appellant also complains in the assignment of error which we are now discussing, that the court in instructing the jury on the documents presented in evidence mentioned the cashbook of the clerk's office of the District Court of Mayagüez, though said book had not been offered or admitted in evidence. It does not appear from the record whether that book was offered or admitted in evidence, but it does appear that both parties examined the witness Emiliano Poll in regard to its contents, for which reason we can not hold that in making reference thereto the court did so by reason of entertaining any prejudice against the defendant.

The appellant complains that the court in reviewing the evidence mentioned the official title of the witnesses in order to impress the jury and call their attention to the fact that said witnesses were public employees. As these witnesses had testified before the jury and had stated the public offices which they held, we can not see how the defendant could have been prejudiced by reason of the

fact that the court in referring to these witnesses stated the offices which they filled. That was merely the description of the person.

The court charged the jury that the evidence for the prosecution had tended to show (among other things) that the defendant received from the marshal of the District Court of Mayagüez the sum of $3,500, and that the prosecuting attorney had introduced oral and documentary evidence to show the prior existence and loss or disappearance of the receipt for $3,500 which the defendant issued to the marshal of the District Court of Mayagüez. This instruction does not mean that the lower court considered as proved the fact that the receipt existed and that the same was signed by the defendant, as the appellant claims when he charges that the court was prejudiced against him.

Another instance of prejudice attributed to the court is that it instructed the jury that a certain document had been introduced to corroborate the testimony of the witness Suárez, despite the fact that during the trial it had stated to the jury that the testimony of said witness could not be considered as evidence against the defendant, but only to impeach the veracity of the witness. Those remarks of the court were not made with reference to the document presented in corroboration of a fact on which he testified, but in connection with another matter.

The fact that the court in its instructions to the jury stated, with reference to the receipt for $3,500, that it had not been physically possible for the prosecuting attorney to introduce the same in evidence, does not show prejudice on the part of the court against the appellant, as it was the statement of a fact resulting from the evidence.

By the twelfth assignment of error it is maintained that the court was moved by prejudice and partiality in admitting the verdict of the jury, the same being contrary to the evidence, and in rendering a judgment of conviction.

514

In his argument under that assignment the appellant again discusses certain questions raised on another assignment, as for example that it was not shown in the manner provided by law that the appellant was the clerk of the District Court of Mayagüez, and that the record of civil case No. 11966 should not have been admitted in evidence because it was not duly authenticated; but these questions have already been dealt with and decided by us when passing upon other grounds of appeal raised.

The appellant says that it can not be properly inferred from the evidence that he received the $3,500; but there is sufficient evidence of the fact that he signed and delivered to the marshal a receipt for said amount.

The appellant raises various questions regarding the failure of the district attorney to offer in evidence the passbooks and the account book of the clerk's office of the District Court of Mayagüez. If said books contained anything favorable to the appellant, he should have offered them in evidence but failed to do so; and as regards the cashbook, the same was duly identified and questions were asked with regard thereto by the parties without the appellant having made reference to any entry therein, in order to show his innocence in this case.

In support of his contention that the testimony of Emiliano Poll deserved no credit, the appellant cites our opinion in another criminal proceeding brought against him (*People v. Báez*, 42 P.R.R. 21) for his failure to deposit in the bank the above-mentioned $3,500, until one month after the receipt thereof. This witness was an examiner of accounts in the office of the Auditor of Puerto Rico on the date on which the case herein refers, and was directed to investigate the accounts of the appellant. He testified that the $3,500 was not entered by the defendant in the cashbook of the clerk's office of the district court kept by him, nor in the bank, for no entry appeared in the books which he examined, and that

he did not remember having testified in another case to the effect that this money was deposited after the witness had left for San Juan and that the truth is that this sum was never deposited in the bank. The defendant did not present in the instant case any evidence tending to show that he deposited in the bank the money belonging to the minors to which said proceeding referred and, therefore, the jury was entitled to believe the testimony of said witness.

Such are the objections raised by the appellant against the verdict of the jury, and as the same are not sustainable, we can not hold that the verdict is contrary to the evidence, the more so as the examination that we have made of the evidence shows, in our opinion, that it was sufficient to convict the defendant, and hence the verdict was justified.

The last error assigned is based on the refusal of the court to grant to the defendant an extension of time to file a motion for a new trial, and on the denial of the motion made for that purpose. Four days after the verdict of the jury was rendered on December 6, 1928, the defendant requested that the pronouncement of the sentence be postponed for a reasonable term, as he was going to file a motion for a new trial and needed the transcript of the evidence. The court postponed pronouncing sentence until the 30th of the same month, which term was subsequently extended to January 19, 1929. Two days before the expiration of the extended term the defendant requested a new extension on the ground that the stenographer had been unable to finish the transcript of the evidence. This request was denied by the court. On January 19th the defendant moved for a reconsideration of that decision and his motion was overruled.

We think that the extensions, which amounted to one month and nine days, granted to the defendant to present his alleged motion for a new trial, were sufficient for that purpose, and although he alleged that he needed the transcript of the evidence, he failed to present an affidavit of the

stenographer as to whether the latter was working on such transcript and how long it would take him to finish the work. He did not present a proper case to justify any further delay in the pronouncement of the sentence, and the court did not commit the error thus assigned.

In closing this opinion we desire to caution the prosecuting attorneys and the trial judges against the practice of presenting or admitting during trials, for the purpose of corroborating the testimony of a witness, any documentary evidence which by itself has no probative value and which is not necessary to establish the credibility of the witness, since such practice gives rise to the charge that the evidence was calculated to prejudice the defendant; and entails the necessity of deciding on appeal whether or not the defendant was thereby prejudiced; and even the possibility of our being compelled, in a proper case, to order that a new trial be held, with the consequences that the lapse of time might produce, with delay in the administration of justice, and with additional expense to the parties.

The judgment appealed from must be affirmed.

Mr. Justice Wolf and Mr. Justice Hutchison dissented.